1  CASE NO. 18-CV-0263

2  DEPT. NO. I

   RECEIVED    FILED

   OCT 18 2018    2018 OCT 18 PM 1:50

   Douglas County
   District Court Clerk    BOBBIE R. WILLIAMS
                              CLERK

   BY D. GOELZ
              DEPUTY

5        IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6              IN AND FOR THE COUNTY OF DOUGLAS

7

8

9  KELLY D. STEPHENSON, an              CIVIL COMPLAINT FOR NEGLIGENCE
   individual; and CHRISTINE
10 STEPHENSON, an individual,

11           Plaintiff,

12           vs.

13 GARDNER TRUCKING, INC., a
   California corporation; GARDNER
14 TRUCKING INC., a Nevada
   corporation; JOSEPH P.
15 HOLLINGSHEAD, an individual;
   and DOES 1 through 50,
16 inclusive,

17           Defendants.
   _____/

18

19      COME NOW PLAINTIFFS, by and through their undersigned counsel,

20 and file this Complaint against the above-named Defendants,

21 averring and alleging as follows:

22                          **PREFACE**

23      1.  This case arises from Defendant JOSEPH P. HOLLINGSHEAD's

24 negligence, negligence per se, and violation of NRS 484B.257, while

25 in the course and scope of his employment for the other defendants.

26                  **JURISDICTION AND PARTIES**

27      2.  This case and controversy arises under the substantive

28 laws of the State of Nevada.

3.   Plaintiffs are husband and wife and are citizens and resident of the State of Nevada.

4.   Defendant, JOSEPH P. HOLLINGSHEAD, is a citizen and resident of the State of California.

5.   At the time of the event described herein, Defendant, GARDNER TRUCKING INC. (GARDNER NV), was a Nevada corporation.  At the time of the event described herein, Defendant, GARDNER TRUCKING, INC. (GARDNER CA), was a California corporation, which is not registered to do business in Nevada.  On information and belief, GARDNER CA or GARDNER NV employed defendant HOLLINGSHEAD at the time of the event described herein.

6.   The true names and/or capacities of Defendant DOES 1 through 50, are unknown to Plaintiffs, who therefore cannot identify them at this time.  When the true identities and/or capacities of DOES 1 through 50 are ascertained, Plaintiffs will seek leave of court to amend this Complaint to reflect the same.

7.   Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants is, and at all times herein mentioned was, the agent, servant, and employee of each of the remaining Defendants, and each of the acts or failures to act of each of the Defendants, as herein alleged, was within the course and scope of each such Defendant's authority as such agent, servant, and employee, with the permission, consent, knowledge, prior authorization, and subsequent ratification of each of the remaining Defendants.

### FIRST CAUSE OF ACTION

#### (Negligence against all Defendants)

8.   Plaintiffs re-allege Paragraphs 1 through 7 and

incorporate same herein by reference, as though expressly set forth herein.

9.   On January 4, 2018, at approximately 12:17 p.m., Defendant JOSEPH P. HOLLINGSHEAD, while in the course and scope of employment with one or more of the Defendants, failed to yield at the intersection of Industrial Way and U.S. Highway 395, in Gardnerville, Nevada.

10.   Defendant JOSEPH P. HOLLINGSHEAD, thereby negligently collided the 2010 Freightliner Tractor Trailer he was driving into Plaintiff's trailer being towed at approximately 45 miles per hour by his 2015 Toyota Tacoma Pickup, causing the trailer to then crash into a 2007 Toyota Tundra Pickup.

11.   In negligently failing to yield before entering the subject highway, Defendant violated NRS 484B.257 and was therefore negligent per se in causing the subject accident.

12.   Defendant JOSEPH P. HOLLINGSHEAD was found by the Nevada Highway Patrol to be the only party at fault for causing the aforesaid accident.

13.   By reason of the subject accident and negligence, as aforesaid, and as a direct and proximate result thereof, Plaintiff KELLY D. STEPHENSON received injuries consisting of, but not limited to, lumbar disk bulging; lumbar spondylolisthesis; lumbar spondylosis; lumbar radiculopathy; lumbar stenosis; and right foot drop.  In addition to requiring physical therapy, these injuries required the following surgeries:  posterior lumbar decompression with laminectomy, partial facetectomy, and foraminotomy at L4 and L5; posterior spinal fusion at L4-5; local autologous bone graft; and bone marrow aspiration of the left posterior ilium.

14.   As a direct and proximate result of Defendants'
negligence, as herein alleged, Plaintiff KELLY D. STEPHENSON was
required to and did employ physicians and others for medical
examination, treatment and care of his injuries, and did incur
medical and incidental expenses, which shall be shown according to
proof at the time of trial.

15.   As a further, direct and proximate result of the
Defendants' negligence, as herein alleged, the injuries thus
received by Plaintiff KELLY D. STEPHENSON greatly impaired his,
health, strength, and activity, and caused him great mental,
physical, and nervous pain and suffering, and shock to his nervous
systems, damaged his earning capacity and causing loss of wages,
all in an amount, which shall be shown according to proof at the
time of trial.

## SECOND CAUSE OF ACTION

### (Loss of Consortium Against all Defendants)

16.   Plaintiffs re-allege Paragraphs 1 through 15 and
incorporate same herein by reference, as though expressly set forth
herein.

17.   By reason of the aforesaid negligence, as set forth
herein, and as a direct and proximate result thereof, Plaintiffs
KELLY D. STEPHENSON and CHRISTINE STEPHENSON, husband and wife,
suffered and continue to suffer loss of consortium, society,
companionship, and natural and physical affection, due to the
injuries suffered in the accident.

WHEREFORE, Plaintiffs prays for judgment against the
Defendants, and each of them, as follows:

1.   For damages in excess of $15,000.00;

1    2.   For punitive damages according to proof;

2    3.   For reasonable attorney's fees and expenses;

3    4.   For costs of investigation and litigation reasonably

4    incurred;

5    5.   For prejudgment interest;

6    6.   For costs of suit herein incurred; and,

7    7.   For such other relief as the court deems just and proper.

8    Dated:  October 18, 2018          SULLIVAN LAW
                                        A Professional Corporation
9

10
                                   By:  _____
11                                      Gene M. Kaufmann

12                                      Attorneys for Plaintiffs

13                                      1625 State Route 88, #401
                                        Minden, NV 89423
14
                                        Telephone:   (775) 782-6915
15                                      Telecopier:  (775) 782-3439

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIRMATION PURSUANT TO NRS 239B.030

I, Gene M. Kaufmann, affirm that the pleading(s) and/or document(s) that I am now presenting to the court in the above-entitled action, do not, to the best of my knowledge, contain any Social Security Number information that is in violation of NRS 239B.030.

Dated:   October 18, 2018

SULLIVAN LAW
A Professional Corporation

By: _____
Gene M. Kaufmann

Attorneys for Plaintiffs

1625 State Route 88, #401
Minden, NV 89423

Telephone:   (775) 782-6915
Telecopier:   (775) 782-3439